# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HOWARD HUGHES PROPERTIES, INC., and THE HOWARD HUGHES CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>KERN RIVER GAS TRANSMISSION COMPANY,<br><br>Defendant. | Case No.: 2:09-cv-00657-RLH-LRL<br><br>**O R D E R**<br><br>(Objection to Evidence–#140) |

Before the Court is Plaintiff Howard Hughes' **Objection to Evidence Offered in Defendant's Reply in Support of its Motion for Summary Judgment Re: Contract Damages** (#140), filed April 16, 2010. The Court has also considered Defendant Kern River's Reply to the Objection (#142), filed April 19, 2010.

On March 1, 2010, Kern River filed a Motion for Summary Judgement Regarding Contract Damages in which it seeks summary judgment on Howard Hughes' claim that it is entitled to damages for Kern River's breach of contract. On March 25, Howard Hughes opposed this motion and on April 12, Kern River filed its reply. Howard Hughes now objects to Kern River's reply on the basis that it introduces new evidence rather than addressing the original issues Kern River raised in its motion for summary judgment. Hughes asks the Court not to consider this evidence, or in the alternative, to give Hughes additional time to respond to Kern River's evidence.

AO 72
(Rev. 8/82)

1   Howard Hughes objects to twenty exhibits Kern River submitted in its reply.  These
2   exhibits relate to (1) communication with federal regulators regarding Kern River's attempt to
3   obtain permission to increase the MAOP; (2) Hughes' assertions regarding the importance of the
4   agreement not to raise the MAOP to the 1993 settlement agreement; and (3) evidence offered in
5   response to Hughes employees' testimony regarding the impact of the MAOP on the value of the
6   Summerlin community as a whole.

7   The Court declines to strike the evidence contained in Kern River's reply because
8   some of the evidence was introduced solely in response to Howard Hughes' opposition and was
9   not directly related to Kern River's initial motion.  Nonetheless, the Court will permit Howard
10  Hughes to file a sur-reply in this case because Kern River should have known that at least some of
11  the issues it raised in its reply were relevant to its initial motion for summary judgment.  The Court
12  therefore gives Howard Hughes ten days from the date of this Order to file a sur-reply relating to
13  Kern River's Motion for Summary Judgment Regarding Contract Damages.  The sur-reply must be
14  limited to the arguments and evidence contained in Kern River's reply.

## CONCLUSION

16  Accordingly, and for good cause appearing,

17  IT IS HEREBY ORDERED that Howard Hughes' Objection to Evidence Offered
18  in Defendant's Reply in Support of its Motion for Summary Judgment Re: Contract Damages
19  (#140) is SUSTAINED.  Howard Hughes has ten days from the date of this order to file a sur-
20  reply.

21  Dated: April 26, 2010.

_____
ROGER L. HUNT
Chief United States District Judge